# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON ALEXANDER FAVOR,<br><br>    Plaintiff,<br><br>v.<br><br>MARION JUNE KNIGHT, et al.,<br><br>    Defendants. | Case No. 1: 21-cv-01617-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED PURSUANT TO 28 U.S.C. § 1915(g)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.
## INTRODUCTION

On November 5, 2021, Brandon Alexander Favor, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* by a prisoner. (ECF No. 2.)

Plaintiff's application to proceed *in forma pauperis* should be denied for two reasons: (1) Plaintiff declares substantial income and assets in the application; and (2) he is not entitled to proceed without prepayments of fees because he has at least three strikes under Section 1915(g) and does not qualify for the imminent danger exception.

/ / /

/ /

/ / /

## II.

## DISCUSSION

### A. Plaintiff's Application Should be Denied due to Application Claiming Significant Assets and Income

In order to proceed in court without prepayment of the filing fee, a plaintiff must submit an affidavit demonstrating that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993); Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is unable to pay the costs and still be able to provide himself and his dependents with the necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). Whether to grant or deny an application to proceed without prepayment of fees is an exercise of the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).

According to Plaintiff's application, it appears he is claiming to have income in excess of hundreds of thousands of dollars per year, and millions of dollars in assets. (ECF No. 2 at 1-2.) Accordingly, Plaintiff's application should be denied based on the substantial amount of income and assets that Plaintiff declares access to in his application. See 28 U.S.C. § 1915(a)(1); Escobedo, 787 F.3d at 1236.

### B. Plaintiff's Application Should be Denied Pursuant to Section 1915(g)

Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1 Courts refer to this as the "three strikes rule." Moore v. Maricopa Cty. Sheriff's Office, 657 F.3d
2 890, 892 (9th Cir. 2011). In order to determine whether Plaintiff is entitled to proceed *in forma*
3 *pauperis*, the Court may take judicial notice of court records in other cases. See United States v.
4 Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

5       Here, Plaintiff has on more than three occasions, while incarcerated, brought an action
6 that was dismissed for failure to state a claim upon which relief could be granted. The Court
7 takes judicial notice of three of Plaintiff's many prior actions: (1) Favor-El v. Rome, Case No.
8 1:15-cv-01865-LJO-EPG (E.D. Cal.) (dismissed on November 22, 2016 for failure to state a
9 claim); (2) Favor v. United States of America, Case No. 2:15-cv-01448-GEB-AC (E.D. Cal.)
10 (dismissed on October 22, 2015 as frivolous); Favor-El v. Rihanna, 2:15-cv-09502-JGB-JEM
11 (C.D. Cal.) (dismissed on December 16, 2015 as frivolous, malicious, and for failure to state a
12 claim); see also Favor v. Black Lives Matter, 1:20-cv-01165-DAD-SKO (E.D. Cal.) (ECF No. 4
13 n.1 ("It is also noteworthy that Plaintiff has been deemed a vexatious litigant, has filed over fifty
14 actions in this district alone, and has filed numerous other actions in the other district courts in
15 this state. Plaintiff has also filed actions under the surnames 'Favor' and 'Favor-El.' "). These
16 cases were final prior to the date Plaintiff filed this action. Silva v. Di Vittorio, 658 F.3d 1090,
17 1098-1100 (9th Cir. 2011).

18       The PLRA was enacted "to curb the volume of non-meritorious, and often frivolous,
19 civil-rights lawsuits brought challenging prison conditions." Washington v. Los Angeles Cty.
20 Sheriff's Dep't, 833 F.3d 1048, 1054 (9th Cir. 2016). Pursuant to the PLRA, a litigant who has
21 previously filed three suits that were dismissed for the reasons enumerated in section 1915(g) are
22 precluded from proceeding in the district court without prepayment of fees unless the inmate
23 demonstrates that he is in imminent danger of serious physical injury. Andrews v. Cervantes
24 ("Cervantes"), 493 F.3d 1047, 1049-50 (9th Cir. 2007). Not every unsuccessful case will qualify
25 as a strike under § 1915(g). Andrews v. King ("King"), 398 F.3d 1113, 1122 (9th Cir. 2005).
26 Section "1915(g) should be used to deny a prisoner's [*in forma pauperis*] status only when, after
27 careful evaluation of the order dismissing an action, and other relevant information, the district
28 court determines that the action was dismissed because it was frivolous, malicious or failed to

state a claim." King, 398 F.3d at 1121; see also Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) ("in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it"). In order to count as a strike, the entire case must have been dismissed as frivolous, malicious or for failure to state a claim. Cervantes, 493 F.3d at 1054.

Accordingly, Plaintiff is subject to section 1915(g) and is precluded from proceeding *in forma pauperis* unless he was, at the time the complaint was filed, under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the imminent danger exception. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). Plaintiff's various complaint cover pages appear to only name individuals and companies connected to music media, such as Marion Suge Knight; Universal Music Group; Warner Bros.; Telemundo; Interscope Records; and "Disney Franchise." (ECF No. 1 at 1-3.) The allegations largely appear unintelligible and vague, and do not demonstrate any imminent danger of physical injury. (Id. at 1-7.) Because Plaintiff alleges no facts supporting a finding that he is under imminent danger of serious physical injury, Plaintiff is ineligible to proceed *in forma pauperis* in this action.

## III.

## CONCLUSION AND RECOMMENDATION

For the reasons explained above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2.) be denied; and
2. Plaintiff be required to pay the $402.00 filing fee within twenty-one (21) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 8, 2021**

UNITED STATES MAGISTRATE JUDGE